IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Thomas Fellin, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>Henkel Corporation; Does 1 through 10,<br><br>　　　　　　　Defendants. | Case No. 4:24-cv-49<br><br>State Court Case No. 23SL-CC05302<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Henkel Corporation ("Henkel" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the putative class action pending in the Circuit Court of St. Louis County, Missouri (the "State Court"), Case No. 23SL-CC05302, to the United States District Court for the Eastern District of Missouri, Eastern Division. As grounds for removal, Henkel respectfully states as follows:

### THE REMOVED CASE

1. The removed case is a civil action commenced by the filing of a Petition (styled "Class Action Complaint") entitled *Thomas Fellin, individually and on behalf of all others similarly situated v. Henkel Corporation, et al.*, Case No. 23SL-CC05302, on or about December 11, 2023 in the State Court. Plaintiff Thomas Fellin ("Plaintiff") served Henkel with a Summons and the State Court Petition (the "Complaint") on December 21, 2023.

2. Plaintiff, individually and allegedly on behalf of all others similarly situated, purports to challenge Henkel's labeling and product description of its "PUREX"-branded liquid laundry detergents packaged in 150-fluid-ounce containers (the "Products"). (Complaint, ¶ 1.)

3.	Specifically, Plaintiff alleges that Henkel's description that the containers of the Products contain enough for "115 loads" of laundry is false and misleading to consumers. (Complaint, ¶¶ 44–146.)

4.	Plaintiff's Complaint includes four counts:

   a.	In Count I, Plaintiff brings a breach of warranty claim under Missouri law and the laws of Illinois, Maryland, Hawaii, New York, Washington, D.C., Rhode Island, Vermont, Washington state, and Connecticut (the "Class States").

   b.	In Count II, Plaintiff brings a Missouri breach-of-implied-contract claim.

   c.	In Count III, Plaintiff brings a Missouri unjust-enrichment claim.

   d.	In Count IV, Plaintiff brings a claim under the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.020, 407.025, and similar consumer protection laws in the Class States.

5.	Plaintiff's Complaint requests class certification, compensatory damages, restitution, punitive damages, injunctive relief, and attorneys' fees. (Complaint, Prayer for Relief at p. 24.)

6.	There have been no proceedings before the State Court in connection with this case, and there has been no previous application made for the relief requested by this Notice of Removal.

7.	This action is not one that is described in 28 U.S.C. § 1445.

**PAPERS FROM THE REMOVED CASE**

8.	Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. L.Rs. 2.02 and 2.03, copies of the following are attached to this Notice of Removal:

   a.	The Declaration of Daniel Castelline, Senior Brand Manager at Henkel, is attached hereto as <u>Exhibit A</u>.

   b.	The complete file from the State Court, all summons and return of summons (if any), process, pleadings, and orders served upon Henkel in the case, is attached hereto as <u>Exhibit B</u>.

2

      b.      The Original Filing Form is attached hereto as <u>Exhibit C</u>.

      c.      The Civil Cover Sheet is attached hereto as <u>Exhibit D</u>.

## GROUNDS FOR REMOVAL

**I.     Removal is Timely.**

9.     The Complaint in this case was served on Henkel on December 21, 2023. Accordingly, removal is timely under 28 U.S.C. § 1446(b).

**II.    The Court has Jurisdiction over this Case.**

10.    Removal of a state court action to federal court is proper when the district court possesses original jurisdiction. 28 U.S.C. § 1441(a). This Court has original diversity jurisdiction over this case pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. As set forth below, this case is a civil action in which (a) Henkel is a citizen of a different State than Plaintiff and one or more members of the putative class, (b) the putative class consists of more than 100 members, and (c) the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d).

11.    A notice of removal need only provide a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The statute governing the content of a notice of removal, 28 U.S.C. § 1446, "[t]racks the general pleading requirements stated in [Fed. R. Civ. P.] 8(a)," and submissions of proof are only necessary if the notice of removal is contested. *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 87–89 (2014); *see also Puslowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 965 (8th Cir. 2016) (same). The requirements for removal are satisfied here.

**Minimal Diversity is Satisfied**

12. Original jurisdiction under CAFA exists when the parties in a class action are minimally diverse, including when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1); *see also GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).

14. Henkel is a Delaware corporation with its principal place of business in Rocky Hill, Connecticut. (Complaint, ¶ 33 (incorrectly identifying Henkel as a German corporation and its principal place of business as "Samford," Connecticut).)

15. Plaintiff alleges that he is a citizen and resident of Missouri residing in St. Louis County, Missouri. (*Id.*, ¶ 31.)

16. Plaintiff purports to represent a class of consumers who are citizens of the Class States, who purchased any of the Products in the five years preceding the filing of the Complaint (on December 11, 2023). (*Id.*, ¶¶ 32, 38, and Prayer for Relief at p. 24.)

17. The minimal diversity requirements of CAFA are satisfied, and in fact complete diversity exits, because Henkel is a citizen of Delaware and Connecticut, while Plaintiff is a citizen of Missouri.

18. Henkel is not a citizen of the State in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

**Plaintiff Purports to Bring the Case on Behalf of a Class with at least 100 Members**

19. Plaintiff purports to bring the case on behalf of Missouri citizen-consumers and the citizen-consumers of the Class States who purchased any of the Products within the last five years. (Complaint, ¶¶ 32, 38.)

20. Plaintiff alleges that the "Class and Subclass[es] include[] at least tens-of-thousands of individuals on a multiple-state basis." (*Id.*, ¶ 39.)

21. By any reasonable estimate, the proposed class easily satisfies CAFA's jurisdictional requirement of at least 100 members. *See, e.g.*, *Hargis v. Access Cap. Funding, LLC*, No. 4:09CV604CDP, 2009 WL 2757051, at *1 (E.D. Mo. Aug. 26, 2009) (holding that allegations of more than 100 potential class members "is enough to show that the class has more than 100 members"), *aff'd*, 674 F.3d 783 (8th Cir. 2012).

**The Case Satisfies the CAFA Threshold Amount in Controversy**

22. As required by 28 U.S.C. § 1332(d)(2), the amount in controversy in this case exceeds the sum or value of $5,000,000, taking into account the damages alleged and attorneys' fees, exclusive of interest and costs.

23. In assessing this requirement, the question "is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Hargis*, 674 F.3d at 789 (emphasis in original); *see also Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

24. In this case, the amount in controversy exceeds $5,000,000.

25. Consumers in Missouri and the Class States (excluding Hawaii and Washington, D.C.) purchased over $90,000,000 worth of the Products during a portion (January 7, 2019 to

5

December 10, 2023) of the five-year period preceding December 11, 2023. (*See* Exhibit A, Decl. of Daniel Castelline, ¶ 8.)

26. Henkel's retail sales of the Products in Missouri alone were over $5,000,000 during the putative class period. (*See id.*)

27. Plaintiff alleges that he and all putative class members "would not have purchased the Products had they known that the Products do not provide anywhere close to the 115 full loads that a reasonable consumer would expect." (Complaint, ¶¶ 52, 85.)

28. Thus, this case meets the $5,000,000 amount-in-controversy requirement. *See Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1094 (8th Cir. 2023) ("The total amount of sales can be a measure of the amount in controversy."); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 886-88 (8th Cir. 2013) (holding that total retail sales figures in Missouri during five-year class period for products underlying MMPA class action sufficed to establish amount in controversy even though plaintiffs sought recovery only on a subset of sales); *see also Waller v. Henkel Corp.*, No. 4:23-CV-00486-SEP, 2023 WL 3750417, at *2 (E.D. Mo. June 1, 2023); *Diesel v. Procter & Gamble Co.*, No. 4:22-cv-892, 2022 WL 16948290 (E.D. Mo. Nov. 15, 2022); *Bell v. Walgreens Boots Alliance, Inc.*, No. 4:22-cv-873, 2022 WL 17987039 (E.D. Mo. Dec. 29, 2022).[1]

---

[1] Plaintiff also seeks attorneys' fees under the MMPA, which the Court may award based on the amount of time reasonably expended. Mo. Rev. Stat. § 407.025.2(2). Numerous cases have concluded that between 33% and 40% of compensatory damages can be used to estimate potential attorneys' fees as a component of the amount in controversy analysis. *See, e.g.*, *Faltermeier v. FCA*, 899 F.3d 617, 622 (8th Cir. 2018) (using attorneys' fees of 40% of compensatory damages to calculate amount in controversy); *Bell*, 2022 WL 17987039, at *3 (same); *see also Schott v. Overstock.com, Inc.*, Case No. 4:20-cv-00684-MTS, 2021 WL 148875, at *4 (E.D. Mo. Jan. 15, 2021) (33%); *Faltermeier v. FCA US LLC*, No. 4:15-cv-00491-DGK, 2016 WL 10879705, at *4 (W.D. Mo. May 26, 2016) (38.8%), *aff'd*, 899 F.3d 617, 622 (8th Cir. 2018); *Baker v. NNW, LLC*, Case No. 15-00222-CV-W-GAF, 2015 WL 12843831, at *2 (W.D. Mo. June 1, 2015) (33%). Here, attorneys' fees would add millions to the potential damages award, even further exceeding the $5 million amount-in-controversy requirement.

29. Because the requirements for this Court's original jurisdiction are satisfied, removal of this action is proper.

### III. Venue is Proper

30. District and Divisional venue are proper under 28 U.S.C. § 1404(a) because this Court is the Federal Court for the Division and District encompassing the Circuit Court of St. Louis County, Missouri, where the case was originally filed.

## FILING OF REMOVAL PAPERS

31. Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this case is being given simultaneously to Plaintiff's counsel, and a Notice of Filing Notice of Removal is being filed with the State Court. Henkel will file copies of the aforementioned Notices in this Court upon serving the same upon Plaintiff's counsel and the State Court. *See* E.D. Mo. L.R. 2.03.

32. By removing this case, Henkel does not waive any rights or defenses available under federal or state law. Henkel also does not waive, and expressly reserves, any arguments in opposition to class certification and all arguments and defenses supporting dismissal of this case under Rule 12 of the Federal Rules of Civil Procedure or any similar Missouri rule or statute, in the event this case returns to state court. Similarly, the statements in this Notice should not be construed as an admission that Plaintiff's allegations have any merit or are sufficient to state a claim, nor should it be deemed an admission of liability or that Plaintiff or any other putative class members have suffered damages or are entitled to any payment.

WHEREFORE Defendant Henkel Corporation hereby removes this case to the United States District Court for the Eastern District of Missouri, Eastern Division; requests that no further proceedings be had in the Circuit Court of St. Louis County, Missouri; and, further, requests that this Court grant such other and further relief as it deems just and proper.

7

                                      Respectfully submitted,

                                      **LEWIS RICE LLC**

DATED: January 9, 2024           By: /s/ Michael L. Jente
                                      C. David Goerisch, #48418 (MO)
                                      Michael L. Jente, #62980 (MO)
                                      Kolten C. Ellis, #74451 (MO)
                                      600 Washington Avenue, Suite 2500
                                      St. Louis, Missouri 63101
                                      Telephone: (314) 444-7600
                                      Facsimile: (314) 612-7600
                                      dgoerisch@lewisrice.com
                                      mjente@lewisrice.com
                                      kellis@lewisrice.com

                                      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 9th day of January 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Further, I certify that a true and accurate copy of the foregoing was also e-mailed and deposited with the United States Postal Service on this 9th day of January 2024 from 600 Washington Avenue, Suite 2500, St. Louis, Missouri, 63101, with first-class postage prepaid, and properly addressed for delivery, to:

    Daniel F. Harvath
    HARVATH LAW GROUP, LLC
    75 W. Lockwood, Suite #1
    Webster Groves, MO 63119
    dharvath@harvathlawgroup.com

    *Attorney for Plaintiff*

                                                      /s/ Michael L. Jente